IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | No. 11-473-1 |
| LEON STANTON | : | |

**MEMORANDUM**

YOHN, J.                                                                                                      September 23, 2015

In October 2012, Leon Stanton was convicted on federal drug and firearm charges and sentenced to 35 years in prison. After an unsuccessful direct appeal, Stanton now moves for a new trial under Federal Rule of Criminal Procedure 33 based on allegedly newly-discovered evidence. Because Stanton has not produced any newly discovered evidence or shown any other reason why a new trial is required in the interest of justice, I will deny the motion.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

On September 10, 2010, Detective Todd Richard of the Pottstown Police Department applied for a search warrant to investigate two rival gangs that were operating in the Pottstown, Pennsylvania area. Mot. Ex. D. Richard's application included an affidavit of probable cause, which relied in part on information provided by four confidential informants ("CIs"), hereafter referred to as CIs #1-4. *Id.* at 70, 77-82. Richard was granted permission to search, among other places, a residence shared by gang member Leon Stanton and Chezaree Hall in Birdsboro, Pennsylvania—the Third Circuit summarized the events that followed:

> On a cool fall morning in September of 2010, law enforcement authorities executed a search warrant of, *inter alia*, a house situated at 409 West Second Street, Birdsboro, Berks County, Pennsylvania. . . . Because of concerns about illegal weapons in the residence and because law enforcement authorities "wanted to protect the young children from any violence," officers awakened Hall and the other residents of the house early in the morning and claimed that they needed to leave the premises because of a natural gas leak. As Stanton and the other

> residents left the home, he was arrested. Hall and the children were directed to stand immediately across the street.
>
> A SWAT team member present at the scene noticed that Hall "was clutching her pocketbook very tightly" with "both arms around it." Finding this conduct suspicious, the SWAT member informed a detective of the Pottstown Police Department. The detective thought it unusual that Hall had taken the time to collect her pocketbook, while failing to retrieve a coat for herself or to fully dress her children. Because the detective knew of Stanton's history of violence and because the detective was concerned that guns—suspected of being in the house—might now be in the pocketbook, he advised Hall that he needed to take her pocketbook. The weight of the pocketbook heightened his concern, and when the detective opened it, he found two guns and a bag containing drugs.

*United States v. Hall*, 550 F. App'x 133, 133 (3d Cir. 2014). On August 24, 2011, a grand jury returned an indictment against Stanton and Hall, charging them both with controlled substances violations under 21 U.S.C. §§ 841(a) (Count I) and 860(a) (Count II) and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count III). Doc. No. 1. Stanton was additionally charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count IV). *Id.*

On January 20, 2012, Stanton filed an omnibus pre-trial motion, primarily seeking suppression of evidence seized pursuant to the search warrant. Doc. No. 45. Stanton argued that "the alleged actions and statements of confidential informants utilized as basis for obtaining probable cause in Search Warrants [were] fabricated." *Id.* at 7. The court held a hearing on this and other motions on January 30, 2012, during which time Stanton further stated to the court that CI #2 was fellow gang member Korey Brown, and that CI #3 "doesn't exist." Suppression Hr'g 227:21-228:3, Jan. 30, 2012. On February 2, 2012, the court found on the record that there was no evidence "proffered by the defendants that the detective was untruthful or that . . . evidence from the CI was fabricated." Suppression Hr'g 8:2-6, Feb. 2, 2012. The court therefore denied the motion to suppress. Doc. No. 70.

On July 2, 2012, Stanton filed a motion to disclose the identity of the CIs. Doc. No. 108. In that filing, Stanton claimed that CI #1 is Greg Paschall (father of fellow gang member Jamar "Mar-Mar" Paschall), that CI #2 is Korey Brown, and that CIs #3 and #4 do not exist. *Id.* The court heard argument on the motion on August 21, 2012, at which time the government averred that Stanton had correctly guessed the name of one of the CIs but would not confirm whether that name was properly matched with the particular CI in question. Resp. Ex. A at 27-28.[1] In other words, the government admitted that either Greg Paschall or Korey Brown was a CI; it did not concede that Paschall was CI #1 or that Brown was CI #2. The court found on the record that Stanton's argument as to the identities of the CIs was "pure speculation".

The court further held that "even without the allegations of Confidential Informant 1 and 2, there are sufficient allegations in the [38 page application for] search warrant in other respects, that would justify the issuance of the search warrant" *id.* at 34 and that the good faith exception likewise applied. The court therefore denied Stanton's motion for disclosure. Doc. No. 133.

On October 4, 2012, following a four-day jury trial, Stanton was found guilty on all four counts of the indictment. Doc. No. 147. Count I was subsequently dismissed as a lesser-included offense, and Stanton was sentenced to a total of 420 months in prison on the remaining charges. Doc. No. 158, 159. Stanton timely appealed, arguing in part that the court erred in denying his motion to disclose the identities of the confidential informants. *See* Brief of Appellant at *31, *United States v. Stanton*, 566 F. App'x 166 (3d Cir. 2014) (No. 13-1150), 2013 WL 5427826. The Third Circuit affirmed his conviction on May 6, 2014, holding that "the

---

[1] Specifically, the government informed the court that "the defense is wrong as to two out of three of those [CIs]." *Id.* at 27. After the defense clarified that the affidavit cited four CIs, the government replied, "And they have not guessed that correct, either, so I guess, they're batting one for four." *Id.* at 28.

District Court did not abuse its discretion in denying Stanton's motion [for disclosure]." *United States v. Stanton*, 566 F. App'x 166, 168 (3d Cir. 2014).[2]

On February 12, 2015, Stanton filed this motion for a new trial under Fed. R. Crim. P. 33, arguing that a statement made in the government's appellate brief amounts to newly discovered evidence. Doc. No. 179. The government responded in opposition on May 29, 2015, and Stanton filed a "rebuttal" on June 8, 2015. Doc. No. 188, 189.

## II.   DISCUSSION

Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The rule also states that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." *Id.* 33(b)(1). Here, Stanton moves for a new trial under Rule 33 expressly "in light of newly discovered evidence." Mot. 1. Because the verdict was returned on October 4, 2012, *see* Doc. No. 147 and the government's appellate brief necessarily thereafter, and Stanton filed this motion less than three years later, on February 12, 2015, *see* Doc. No. 179, the motion is timely.

The Third Circuit further instructs that "[t]here are five requirements that must be met before a court may grant a new trial on the basis of newly discovered evidence," specifically:

> (a) the evidence must be in fact newly discovered, i.e. discovered since trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Quiles*, 618 F.3d 383, 388-89 (3d Cir. 2010) (citing *United States v. Saada*, 212 F.3d 210, 216 (3d Cir. 2000)). "[T]he movant has a 'heavy burden' of proving each of these

---

[2] Stanton also appealed the court's denial of his motion to suppress. The Third Circuit likewise affirmed this denial.

requirements." *United States v. Cimera*, 459 F.3d 452, 458 (3d Cir. 2006) (quoting *Saada*, 212 F.3d at 216).

The "newly discovered evidence" that Stanton relies on here is one sentence in the government's briefing before the Third Circuit on Stanton's direct appeal. The sentence at issue—part of that brief's "Statement of Facts"—attempted to summarize what took place at the August 21, 2012 hearing on Stanton's motion to disclose the identities of the CIs. It states:

> The government conceded that Brown was correct as to the identity of one of the four confidential informants, but declined to identify this person, arguing that Stanton had not demonstrated that disclosure of the identity of any of the informants was warranted. Supp. App. 328-29.

Mot. Ex. C; *see also* Brief of Appellee at *17, *United States v. Stanton*, 566 F. App'x 166 (3d Cir. 2014) (No. 13-1150), 2013 WL 6385045. Stanton argues that this sentence amounts to "the government['s] reveal[ing] for the record that (Korey) Brown is the informant Stanton correctly identified." Mot. 6. Stanton further claims that "had [the government] made this revelation available to the defense during the pre-trial motion hearing on Aug. 21st, 2012, there is a 'reasonable probability' that the proceeding would have resulted in a different outcome." *Id.* at 7.

Despite Stanton's claims to the contrary, this sentence represents nothing more than an inaccurate summary of what the government told the court at the August 21, 2012 hearing. As explained above, Stanton had claimed that Paschall was CI #1 and Brown was CI #2, and the government conceded only that one of those names was correct. Thus, the government did not admit that "Brown was correct as to the identity of one of the four confidential informants," because Paschall could just as well have been the correctly-named CI. It is unclear whether the

sentence at issue represents a misstatement of the record or a mere scrivener's error,[3] but it certainly does not constitute newly discovered evidence in either case.[4]

That would ordinarily mark the end of the discussion. But here, the government has repeated its error—added to it, in fact—throughout several other filings. In its response to Hall's § 2255 motion, the government writes, "Even when the government has conceded that Korey Brown is CI 2, there simply was no inconsistency." Gov.'s Resp. Def.'s Mot. Under 28 U.S.C. § 2255 at 16, *United States v. Hall*, No. 11-cr-473-2 (E.D. Pa. Mar. 27, 2015), ECF No. 183. The government attempts to correct the record here, noting that this "is not an accurate statement." Resp. 8 n.3.[5] But then the government re-introduces the original error by claiming that "although the government conceded during the August 21, 2012 hearing that Stanton had correctly guessed that Brown was one of the four confidential informants, the government did not disclose which of the four informants was Brown." *Id.*[6]

These additional errors muddy what would otherwise be a clear question. But like the original misstatement in the appellate brief, they cannot amount to newly discovered evidence because they are at most erroneous summaries of the record, and such errors do not change what

---

[3] The sentence would have been accurate had it read, "The government conceded that *Stanton* was correct as to the identity of one of the four confidential informants, but declined to identify that person . . . ."

[4] Stanton states **Error! Main Document Only.**that he knew that Brown was confidential informant number 2 at the time the disclosure motion was litigated. Therefore, even if the government has now admitted that Brown was confidential informant number 2, this is not newly-discovered evidence to Stanton who states that he knew this was true well before trial. Moreover, Stanton does not come close to establishing that the third, fourth and fifth requirements for granting a new trial have been satisfied.

[5] However, the government does not discuss another line from its response to Hall's § 2255 motion that contains the exact same error. *See* Gov.'s Resp. Def.'s Mot. Under 28 U.S.C. § 2255 at 9, *United States v. Hall*, No. 11-cr-473-2 (E.D. Pa. Mar. 27, 2015), ECF No. 183 ("During the hearing, Stanton insisted on learning the identity of CI 2 (believed, and later conceded by the government, to be Korey Brown), both directly and through his lawyer.").

[6] The government also repeats, nearly verbatim, the original inaccurate sentence from the appellate brief in its response to Stanton's Rule 33 motion. *See id.* at 4.

actually took place at the August 21, 2012 hearing.[7] Stanton has therefore failed to meet his "heavy burden" of proving even the first of the five requirements for a new trial under Rule 33.

### III.     CONCLUSION

For the foregoing reasons, I will deny Stanton's motion. An appropriate order follows.

---

[7] I note that Stanton himself accurately summarizes the hearing, writing that the government "conceded that Stanton correctly identified one informant, [but] refused to disclose which one to the defense for the record." Mot. 4.