**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LEON STANTON | CRIMINAL ACTION<br>NO. 11-473-1 |

**PAPPERT, J.**                                                                                                                July 20, 2022

## MEMORANDUM

Leon Stanton seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court denies his motion because extraordinary and compelling reasons do not warrant his release and, in any event, the factors under 18 U.S.C. § 3553(a) counsel against granting relief.[1]

I

On September 11, 2010, police executed a search warrant at a residence Stanton shared with a woman and children as part of an investigation into rival gangs. *Stanton v. United States*, No. 11-473, 2016 WL 4478719, at \*1 (E.D. Pa. Aug. 25, 2016). Stanton was arrested when the residents left the house, and an officer became suspicious after noticing the woman was clutching her pocketbook tightly. *Id.* A search of the purse revealed two loaded semiautomatic handguns and 22.8 grams of crack cocaine. (Gov't

---

[1] Although Stanton requests appointed counsel (ECF 224 at 43), a defendant seeking compassionate release does not have a constitutional right to an attorney. *United States v. Dorsey*, 520 F. Supp. 3d 681, 684 (E.D. Pa. 2021). The Court must assess whether his motion "has some arguable merit in fact and law." *Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)). It does not. Even if it did, it would not be necessary to appoint counsel considering Stanton's demonstrated ability to present his own case; the complexity of the legal issues; the degree to which he was able to pursue necessary factual investigation; the limited role of credibility determinations in deciding his motion; and because there is no need for expert witness testimony. *See Tabron*, 6 F.3d at 155-57.

Resp., ECF 227 at 1-2.) Following a trial, Stanton was convicted for possession of crack cocaine with intent to distribute (Count One), possession of crack cocaine within 1,000 feet of a school with intent to distribute (Count Two), possession of firearms in furtherance of a drug trafficking crime (Count Three) and possession of firearms by a convicted felon (Count Four). (*Id.* at 1.) Count One was later dismissed as a lesser included charge. (*Id.* at 2.)

In 2013, Judge Yohn sentenced Stanton to 420 months imprisonment: 360 months on Count Two, 120 months to run concurrently on Count Four and a consecutive 60-month sentence on Count Three. (ECF 159.) He had a lengthy criminal history, including domestic assault incidents and multiple drug trafficking convictions and his total sentence was at the bottom of the guideline range applicable to a career offender. (Gov't Sentencing Mem., ECF 155.) He has served 142 months in prison with approximately 17 months of credit for good conduct for a total of roughly 159 months of his 420-month sentence. (Gov't Resp., ECF 227 at 2.)

After an unsuccessful direct appeal, *United States v. Stanton*, 566 F. App'x. 166, 168-69 (3d Cir. 2014), the Court denied Stanton's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. *Stanton v. United States*, No. 11-473, 2016 WL 4478719 (E.D. Pa. Aug. 25, 2016). The Third Circuit denied a certificate of appealability, explaining in part that Stanton's argument "that his prior convictions do not qualify as career offender predicates" was insufficient to show denial of a constitutional right. *United States v. Stanton*, No. 16-3929, 2017 WL 3047987, at *1 (3d Cir. Jan. 12, 2017), cert. denied *Stanton v. United States*, 138 S. Ct. 227, 199 L. Ed. 2d 147 (2017). He raised the argument for the first time on appeal. *Id.*

II

A district court may reduce an inmate's sentence as a form of compassionate release only if it finds that (1) extraordinary and compelling reasons warrant such a reduction; (2) the sentencing factors set forth in § 3553(a), to the extent they are applicable, warrant a reduction; and (3) the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Relevant § 3553(a) factors a court must consider include the nature and circumstances of the offense, the history and characteristics of the defendant, and the "need for the sentence imposed – to reflect the seriousness of the offense, . . . promote respect for the law, . . . provide just punishment for the offense" and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(A), (C). The applicable Sentencing Commission policy statement requires a court to determine a defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g)" prior to release. U.S.S.G. § 1B1.13.

A

1

Stanton presents no extraordinary and compelling reasons for a reduction of his sentence. He requests release in part based on the threat of COVID-19, complaining about the efforts to contain the spread of the virus at USP Allenwood. (Def.'s Mot. ECF 224 at 1, 7-8.) However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). At a minimum, Stanton must identify some condition that puts him at particular risk. *See*

*United States v. Ulmer*, No. 18-00579-3, 2021 WL 844579, at *1 (E.D. Pa. Mar. 5, 2021). He has not.

Stanton is 42 years old. (Gov't Resp., ECF 226 at 2.) Other than being examined for the possibility of glaucoma, the Government represents that his medical records are "unremarkable." (*Id.*) Stanton has no chronic disease and takes no prescription medications. (*Id.*) Stanton says he contracted COVID-19 in February 2021 while incarcerated at FCI Schuylkill. (Def.'s Mot., ECF 224 at 7.) He complains that he is suffering from symptoms of long-COVID but presents no evidence of treatment for any ongoing symptoms. (*Id.*) He refused to receive the Pfizer COVID-19 vaccination "because of fear of the side effects." (Def.'s Mot., ECF 224 at 4.)

Since Stanton previously contracted COVID-19, he cannot show that continued exposure to the virus puts him at risk of serious harm. *Garrett v. Murphy*, 17 F. 4th 419, 433 (3d Cir. 2021) (holding an inmate could not show an imminent risk of serious physical injury from continued exposure to COVID-19 after he contracted the virus and was "[p]rotected by natural immunity"). Moreover, he offers no medical justification for refusing the COVID-19 vaccine. *United States v. Paris Church*, No. 21-1840, 2021 WL 5632062, at *2 (3d Cir. Dec. 1, 2021) (holding "otherwise compelling medical reasons for release" were negated by an inmate's "unexplained refusal to accept a COVID-19 vaccination when offered"); *United States v. Riddick*, No. 95-73-1, 2022 WL 138074, at *4 (E.D. Pa. Jan. 14, 2022) (finding no extraordinary circumstances where "[t]he current vaccines are also expected to protect against severe illness, hospitalization and deaths due to infection with the newer Omicron variant"); *United States v. Ortiz*, No. 18-264, 2021 WL 1422816, at *3 (E.D. Pa. Apr. 15, 2021) ("[The defendant's] refusal to

4

be vaccinated in the absence of a legitimate medical justification is fatal to his motion for compassionate release."). Stanton's unsubstantiated concerns about vaccine "side effects" are not "extraordinary and compelling reasons" for release. *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("The federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective.")

2

Stanton also cites his post-sentencing rehabilitation. (Def.'s Mot., ECF 224 at 1.) He asks the Court to use its discretion to reduce his sentence as it did in *United States v. Clausen*, No. 00-291-2, 2020 WL 4601247 (E.D. Pa. Aug. 10, 2020). (Def.'s Mot., ECF 224 at 40-41.) However, Stanton does not describe his "extraordinary rehabilitation" efforts with any specificity. (*See id.*, Ex. A., at ECF p. 48.) In contrast, Clausen "demonstrated a remarkable record of rehabilitation," spending twenty years in custody "completing hundreds of BOP educational programs, designing and teaching his own courses, serving as a mentor to his peers and improving himself." *United States v. Clausen*, No. 00-291-2, 2020 WL 4260795, at *8 (E.D. Pa. July 24, 2020). Clausen's motion for compassionate release included "seventeen letters of recommendation from BOP employees, university professors and family members submitted on his behalf" that each shed light on Clausen's "transformation" while incarcerated. *Id.* Stanton's own assertions about his rehabilitation are not enough to establish extraordinary and compelling circumstances.

3

Stanton also argues relief is warranted because of changes in the laws governing crack cocaine and the application of career offender enhancements to his prior convictions. (Def.'s Mot., ECF 224 at 1.) He argues his sentence is too long based on the facts underlying his conviction and that his Sentencing Guideline calculation was incorrect and would be different under current law. (*Id.* at 18-34.) These complaints do not present extraordinary and compelling reasons for reducing his term of imprisonment. *See United States v. Henderson*, 858 F. App'x 466, 469 (3d Cir. 2021) (holding a previously rejected claim of sentencing error is not an "extraordinary and compelling reason" for compassionate release). "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). The compassionate release remedy does not displace the usual procedures. *See United States v. Riggins*, No. 06-700-1, 2022 WL 704201, at *4 (E.D. Pa. Mar. 9, 2022) ("Convictions and sentences can be challenged on direct appeal or in the habeas forum, but not in a compassionate release motion under 18 U.S.C. § 3582 (c)(1)(A).") (citation and internal quotation omitted); *United States v. Rodriguez*, Nos. 11-251-01 and 12-466, 2021 WL 601510, at *7 (E.D. Pa. Feb. 16, 2021) ("An argument that a sentence was improperly calculated and unlawful must be raised on a habeas motion. A defendant cannot circumvent the habeas restrictions by labeling his habeas motion as a motion for compassionate release.").

As the Third Circuit explained, "[i]f a prisoner successfully shows extraordinary and compelling circumstances, the current sentencing landscape may be a legitimate

consideration for courts at the next step of the analysis," i.e., when the Court weighs the § 3553(a) factors. *United States v. Andrews*, 12 F. 4th 255, 262 (3d Cir. 2021).

B

Even if Stanton did present extraordinary and compelling reasons, release would not be warranted based on the § 3553(a) factors. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (affirming denial of compassionate release for at-risk inmate because "the § 3553(a) factors weigh[ed]" against release). Judge Yohn imposed a 35-year sentence because Stanton possessed crack cocaine and multiple weapons within reach of an elementary school. He had known involvement in the narcotics trade and a history of prior convictions that cannot be ignored. Nothing about Stanton's self-proclaimed rehabilitation or his request for reassessment of the length of his sentence tips the balance in favor of granting his request for compassionate release. To release him now – when most of his sentence still lies ahead – would overlook the nature, circumstances and seriousness of his offenses, his history and characteristics and would fail to promote respect for the law or provide just punishment. *See* 18 U.S.C. § 3553(a).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

7